JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Luis Biascochea appeals from the sentence imposed upon him by the trial court after appellant entered a guilty plea to one count of attempted gross sexual imposition.
 {¶ 2} Appellant argues the record does not support the trial court's decision to impose the maximum sentence for the fifth-degree felony for which he was convicted. He contends the trial court gave improper consideration to the offenses for which he was indicted and failed to consider the proportionality of the twelve-month sentence imposed.
 {¶ 3} This court disagrees with appellant's argument. Therefore, his conviction and sentence are affirmed.
 {¶ 4} Appellant originally was indicted on seven counts. All of the crimes were alleged to have been perpetrated against a single child victim, which the record reflects was appellant's wife's fifteen-year-old sister. Five of the counts set forth the date of January 21, 2002; these charged appellant with the crimes of rape, kidnapping with a sexual motivation specification, intimidation, gross sexual imposition, and endangering children. Appellant additionally was charged with committing the crime of intimidation against the victim twice in February, 2002.
Appellant's case proceeded through a lengthy period of discovery. On the date set for trial, appellant refused the first offer made by the state for a plea agreement. Appellant accepted the next offer, however, following a short recess.
 {¶ 5} As outlined by the prosecutor, appellant agreed to enter a plea of guilty to only the count of gross sexual imposition, with the addition of the attempt statute,[1] and with the dismissal of the remaining charges. Aided by an interpreter for appellant, the trial court conducted a careful colloquy pursuant to Crim.R. 11(C) before accepting appellant's plea. The trial court then ordered the preparation of both a psychological evaluation and a presentence report for appellant.
 {¶ 6} When appellant's case thereafter was called for hearing, the trial court initially stated for the record that because an interpreter for appellant had not been present in the preparation of the presentence report, it was not accurate. The trial court therefore indicated its intention to rely upon the psychological evaluation during the proceedings. The prosecutor, however, requested the placement of both documents into the record as exhibits.
 {¶ 7} The trial court began by considering appellant's sexual classification, eventually determining appellant was a sexually-oriented offender. The trial court thereafter proceeded to the sentencing portion of the hearing.
 {¶ 8} The prosecutor was permitted to read a statement prepared by the victim, who was in the courtroom but had declined to address the court personally. The victim called appellant a "rapist," declared his actions caused her to have recurrent nightmares, and indicated the incident had left her with no self-esteem. Appellant, on the other hand, not only maintained he had not committed any crimes, but, through counsel, accused his wife's uncle of being "the true culprit in this matter."
 {¶ 9} In pronouncing sentence, the trial court indicated its belief "the victim's letter is more than credible * * * that a rape did occur"; thus, appellant's protestation of innocence indicated a lack of remorse. Appellant had "served prison time * * * [once] for domestic violence, an offense against a woman * * *."
 {¶ 10} Additionally, the trial court found appellant's relationship with the victim had facilitated the offense, the victim suffered psychological harm, and there was a significant age difference between appellant and the victim. Therefore, a prison sentence was "appropriate"; to fail to impose one "would demean the seriousness" of the crime, in spite of appellant's plea to the crime of only attempted gross sexual imposition.
The trial court further found "the shortest sentence is not appropriate" due to appellant's past criminal history together with his lack of remorse; instead, a sentence of incarceration for twelve months, "the maximum sentence for a felony five[,] is appropriate." This sentence was imposed "for the reasons already given, as well as for the finding this [was] the worst form of the offense that [appellant] could commit, although reduced by the plea bargain* * *. And that it's necessary to adequately protect the victim and the public from [appellant] * * *."
 {¶ 11} Appellant appeals only from the imposition of the foregoing sentence, rather than from his conviction as well, citing the following two assignments of error:
 {¶ 12} "I. The trial court erred by imposing the maximum sentence based upon the indicted offense (sic) rather than upon the offense to which Mr. Biascochea pled guilty.
 {¶ 13} "II. The trial court erred by imposing the maximum term of incarceration for a fifth degree felony that carries a presumption in favor of community control sanctions where the maximum term is not supported by clear and convincing evidence in the record and is contrary to law."
 {¶ 14} Appellant argues the trial court imposed a sentence that was inappropriate. He contends no evidence supports the trial court's conclusion that the victim had been raped; therefore, the trial court committed error in mentioning it as a basis for the length of the term imposed. Appellant also contends the trial court failed to consider whether the maximum term was proportionate to other sentences for fifth-degree felonies. This court finds neither of appellant's contentions persuasive. Accordingly, his argument fails.
The scope of this court's review is set forth in R.C.
 {¶ 15} 2953.08(G)(2). Only if this court finds "clearly and convincingly" that "the record does not support the sentencing court's findings * * *" or that "the sentence is otherwise contrary to law" may the appellant's sentence be overturned.
 {¶ 16} This court first notes that although the trial court referred to two reports during appellant's sentencing hearing, appellant did not ensure they were included in the record on appeal. App.R. 9(A). Since regularity in the proceedings below is presumed, and since the trial court is required to consider the reports prior to imposing sentence pursuant to R.C. 2929.19(B)(1) and R.C. 2929.11(B), this court presumes the reports supported the trial court's findings. The trial court is not precluded from considering the facts that underlie a plea agreement. State v. Frankos (Aug. 23, 2001), Cuyahoga App. No. 78072;State v. Humphreys (Nov. 15, 2001), Cuyahoga App. No. 79008.
 {¶ 17} Moreover, pursuant to the statutory scheme, if a trial court finds that an R.C. 2929.13(B)(1) factor applies, prison is "mandatory." R.C. 2929.13(B)(2)(a). In this case, the trial court found appellant previously had served a prison term for domestic violence.
Furthermore, the trial court may impose the maximum term upon an offender who committed "the worst form of the offense." R.C. 2929.14(C). The trial court not only made this specific finding, i.e., the abuse to the victim constituted the worst form of the fifth-degree felony to which appellant entered a plea, but the trial court also stated its reasons for choosing the maximum term, viz., appellant refused to accept responsibility for the harm caused to the victim, and to impose a lesser term would demean the seriousness of the crime.
 {¶ 18} R.C. 2929.11(B) does not require an analysis on the record of whether defendants who have committed similar crimes have received similar sentences.[2] Since the trial court's comments reflect it considered that aspect of the statutory purpose in fashioning the punishment, its decision will not be disturbed.
 {¶ 19} The record demonstrates the trial court fully complied with its duties in pronouncing sentence. State v. Wiley, Cuyahoga App. No. 80765, 2002-Ohio-4036. Accordingly, appellant's assignments of error are overruled. Appellant's sentence is affirmed.
ANN DYKE, J. and SEAN C. GALLAGHER, J. CONCUR
[1] R.C. 2923.02.
[2] Although R.C. 2929.11(B) directs trial courts to impose felony sentences which are "consistent with sentences imposed for similar crimes by similar offenders," the legislature has not identified the means by which the courts should attain this goal. Neither individual practitioners, government attorneys, trial courts nor appellate courts have the resources to assemble reliable information about sentencing practices throughout the state. State v. Haamid, Cuyahoga App. Nos. 80161, 80248, 2002-Ohio-3243 (Karpinski, J., concurring). Identification of the data and factors which should be compared in deciding whether a crime or an offender is "similar" in itself would be a massive task, yet the identification of such data would be essential even to begin to build a database. Unless and until someone undertakes this daunting task, "appellate courts will be able to address the principle of consistency only to a very limited degree." Id.